RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
6/15/15
JT

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IVAN ALEXANDROVICH VETCHER (#A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) | DOCKET NO. 15-cv-1653; SEC. P |
| VERSUS | JUDGE DRELL |
| LORRETA LYNCH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by pro se Petitioner Ivan Alexandrovich Vetcher. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is being detained at the LaSalle Detention Center in Trout, Louisiana. Petitioner challenges his continued detention pending removal.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

#### *Factual Allegations*

Petitioner is a native and citizen of Belarus. He entered the United States in 2001 as a refugee. He was taken into ICE custody on July 6, 2014, and has remained in ICE custody since that date.

Petitioner states that he was ordered removed by an Immigration Judge on August 8, 2014, because he had been convicted of a crime which constituted a removable offense pursuant to 212(a)(2)(A)(i)(II), specifically, an aggravated felony as defined

in Section 101(a)(43)B) of the Act. Petitioner alleges that he appealed to the Board of Immigration Appeals in October 2014, which was dismissed on December 22, 2014. Petitioner sought review of the BIA's decision in the Fifth Circuit Court of Appeals, and the case is still pending in that Court. On April 9, 2015, the Fifth Circuit ordered a stay of deportation pending review of Petitioner's case. [Docket No. 15-60047]

### Law and Analysis

Immigration detention is governed by a multi-layered statutory scheme that addresses the arrest, detention, and release of aliens in various contexts. See 8 U.S.C. §§1226 (codifies §236 of the INA and addresses apprehension and detention of aliens in general); §1226b (addresses mandatory detention of suspected terrorists); §1231 (codifies §241 of the INA and addresses detention and removal of aliens ordered removed); §1536 (addresses custody and release of "alien terrorists" pending removal hearing); §1537 (addresses custody and release of "alien terrorists" after removal hearing).

Section 1231(a)(2) provides that, during the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

After an order of removal becomes administratively final,

§1231(a)(1)(A) establishes a ninety-day "removal period" during which the government shall effect the removal of the alien from the United States. Because the detention and release provisions of §1231(a)(2) and (6) do not apply until the removal period commences, the Court must first determine whether the removal period has commenced.

Under §1231(a)(1)(B), the ninety-day period removal period commences on the later of three possible dates:

(i) The date the order of removal becomes administratively final.

**(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.**

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

It is clear from the facts recited above that Petitioner's removal order is being judicially reviewed by the Fifth Circuit and that his removal is stayed at the current time. Consequently, Petitioner's removal period has not yet commenced and will not commence until the court reviewing his removal order issues a final order. See INA §241(a)(1)(B)(ii); §1231(a)(1)(B)(ii). Therefore, this habeas corpus petition challenging Petitioner's detention is premature. See <u>Quiroz v. Young</u>, 2007 WL 2263084 (W.D.La. 2007);

Campbell v. Chertoff, 2005 WL 2989711 (E.D.Pa.2005); Singh v. Holmes, 2004 WL 2280366 (W.D.N.Y.2004).

*Conclusion*

The Court is convinced that Petitioner has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Petitioner's allegations as true,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DISMISSED** without prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR

AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 15th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE