...  DISTRICT COURT
.. ERN DISTRICT OF LOUIS...
RECEIVED

NOV 2 4 2015

TONY R. MOORE, CLERK
BY _____
                DEP'

UNITED STATES DISTRICT COURT                    b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


IVAN ALEXANDROVICH VETCHER,          CIVIL ACTION
          Petitioner                 SECTION "P"
                                     NO. 1:15-CV-01653
VERSUS

LORETTA E. LYNCH, et al.,            JUDGE JAMES T. TRIMBLE, JR.
          Respondents                MAGISTRATE JUDGE JAMES D. KIRK


SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE


     Before the court is petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2241 by pro se petitioner Ivan
Alexandrovich Vetcher ("Vetcher") on May 7, 2015 (Doc. 1).
Vetcher, a native and citizen of Belarus and a lawful permanent
resident of the United States, contests his continued detention
without a bond hearing since July 6, 2014 by the Bureau of
Immigration and Customs Enforcement ("ICE"), pending his removal
from the United States.  Vetcher is not currently subject to a
final order of removal (Doc. 23, Ex.).  At the time of filing his
petition, Vetcher was detained in the LaSalle Detention Center in
Jena, Louisiana (Doc. 1).  Vetcher requests injunctive relief, a
bond hearing, and immediate release from custody.  Vetcher is

presently being detained in Rolling Plains Regional Jail and Detention Facility in Haskell, Texas (Doc. 21).

A previous Report and Recommendation filed in this case recommended that Vetcher's petition be dismissed as premature, because his case was before the Fifth Circuit so there was not yet a final removal order in the case.  The district judge requested a supplemental Report and Recommendation on the issue of whether Vetcher is entitled to a bond hearing (Doc. 9).

The Respondents filed a motion to dismiss Vetcher's petition, addressing the bond issue (Doc. Item 23), and Vetcher filed a brief opposing that motion (Doc. 25).

The issue of whether Vetcher is entitled to a bond hearing, and Respondents' motion to dismiss, are now before the court.

<u>Law and Analysis</u>

<u>Review of Denial of Bond</u>

The Respondents contend that Vetcher has had a bond hearing and this court lacks jurisdiction to review the Attorney General's denial of bond.

Congress, justifiably concerned that removable criminal aliens who were not detained would continue to engage in crime and would fail to appear for their removal hearings in large numbers, found that such aliens could be detained for the brief period necessary for their removal proceedings without providing for individualized determinations as to whether the alien presented a flight risk.

2

Demore v. Kim, 538 U.S. at 513, 123 S.Ct. at 1712.   Detention
during removal proceedings is a constitutionally permissible part
of that process.   Demore, 538 U.S. at 531, 123 S.Ct. at 1721-1722.
In Demore, the Supreme Court held that mandatory detention of
criminal aliens (including lawful permanent resident aliens) during
removal   proceedings   pursuant   to   8   U.S.C.   §   1226(c)   is
constitutionally valid even where there has been no individualized
finding that the alien is unlikely to appear for his deportation
hearing.   Also, Wong Wing v. U.S., 163 U.S. 228, 235, 16 S.Ct. 977,
980 (1896); Oyelude v. Chertoff, 125 Fed.Appx. 542, 547 (5th Cir.
2005).

Section 1226 of 8 U.S.C. provides for the apprehension and
detention (or release) of an alien pending a decision on whether
the alien is to be removed from the United States.   Section 1226(e)
states that no court has jurisdiction to review the Attorney
General's discretionary judgment regarding application of Section
1226, and no court may set aside any action or decision by the
Attorney General under Section 1226 regarding detention or release
of any alien who is not yet subject to a final order of removal.
See also 8 U.S.C. § 1252(a)(2)(B)(ii).

In Kambo v. Poppell, 2007 wl 3051601 (W.D.Tex. 2007), quoting
Loa-Herrera v. Trominski, 231 F.3d 984 (5th Cir. 2000), the
district court found that, under Section 1226(e), it did not have
jurisdiction to review the Attorney General's decision to deny

release on bond or the Attorney General's discretionary judgment regarding the application of 1226(a), "including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints."[1]   Also, Malm v. Holder, 2012 wl 2568172 (S.D.Tex. 2012).

In the case at bar, Vetcher's removal proceedings are ongoing and there is not yet a final order of removal (Doc. 23, Ex. 3). Vetcher had an individualized bond hearing on September 2, 2015 (Doc. 23), which resulted in denial of release on bond and Vetcher's continued detention pending completion of his removal proceedings.[2]   Pursuant to Section 1226(e), this court lacks jurisdiction to review the Attorney General's discretionary decision to deny Vetcher release on bond.

Vetcher also contends he was denied due process because ICE did not hold his bond hearing for sixteen months after he was taken into custody (Doc. 25).[3]  Even if that is true, Vetcher cannot show

---

[1] The Fifth Circuit further noted that "the executive branch, of course, has an independent duty to uphold the Constitution, irrespective of whether its actions are subject to judicial review." Loa-Herrera, 231 F.3d at 991.

[2] The Fifth Circuit overturned the Immigration court's finding that Vetcher had been previously convicted of an aggravated felony (Doc. 23, Ex. 3).  Therefore, it is not clear what provision of Section 1226 Vetcher is being detained under.

[3] At least part of the reason for the delay in the bond hearing is because Vetcher was considered to be under mandatory detention for having previously committed an aggravated felony (Doc. 1, Ex. p. 27/47).  The Fifth Circuit Court of Appeals held,

prejudice arising from the length of time, since he was ultimately denied bond and has remained in detention status.

Since Vetcher has been afforded a bond hearing, there is no due process violation and that issue is moot.

Vetcher argues that his detention has been unreasonably long. However, as discussed above, whether or not Vetcher is detained while his removal proceedings are pending lies within the sole discretion of the Attorney General, and this court does not have jurisdiction to review that decision.[4] Moreover, the facts of the case show that Vetcher caused his lengthy detention by refusing to board a commercial aircraft for removal and by successfully appealing his removal order, leading to the continuation of his removal proceedings.[5] While it may seem to Vetcher as though he is

---

in April 2015, that Vetcher's prior conviction did not constitute an aggravated felony (Doc. 25, Ex. C), and Vetcher was afforded a bond hearing thereafter.

[4] Although some courts have held jurisdiction exists under 28 U.S.C. § 2241, the Fifth Circuit has not yet done so. See Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011); Ly v. Hansen, 351 F.3d 263, 273 (6th Cir. 2003); Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005).

[5] The Respondents show, through documents and an affidavit by Kristy Barrows (Doc. 23), a Deportation Officer employed by ICE, that Vetcher was convicted of drug trafficking, was ordered removed from the United States on August 6, 2014, and the Board of Immigration Appeals dismissed Vetcher's appeal on December 22, 2014.

The Respondents further show in Barrow's affidavit (Doc. 23) that, on January 8, 2015, Vetcher was served a warning for failure to depart, Vetcher refused to complete his travel document application on January 14, 2015, ICE requested a travel document for Vetcher on January 15, 2015 and received one on February 22, 2015.

being penalized with detention for having successfully challenged his removal order, this court can do nothing about that.

Accordingly, Vetcher's petition for habeas relief should be denied on the bond issue, also, and Respondents' motion to dismiss should be granted in its entirety.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 23) be GRANTED and that Vetcher's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file

---

Respondents also show in Barrow's affidavit (Doc. 23) that Vetcher refused to board a commercial flight on March 3, 2015 and then requested a stay of deportation from the Fifth Circuit Court of Appeals which was denied on March 3, 2015 (Doc. 25, Ex. A).

Respondents show, in Barrow's affidavit (Doc. 23), that Vetcher filed a motion to reopen with the BIA and a request for a stay on March 25, 2015, and the stay was granted (Doc. 23; Doc. 25, Ex. C). Respondents show, in Barrow's affidavit and the attached exhibits, that Vetcher filed a writ of habeas corpus on May 7, 2015, and the BIA granted Vetcher's motion to reopen on June 26, 2015 and remanded his case to the Immigration Judge (Doc. 23). Respondents show in Barrow's affidavit (Doc. 23) that Vetcher filed a request for a bond with ICE on August 13, 2015, an Immigration Judge found that Vetcher is not eligible for a bond on September 2, 2015, and Vetcher's next hearing with the Immigration Judge was scheduled for September 16, 2015 (Doc. 23).

Respondents show in Barrow's affidavit (Doc. 23) that Vetcher filed a request for a bond with ICE on August 13, 2015, a hearing was held on September 2, 2015, (Doc. 25, Ex. H), and an Immigration Judge found that Vetcher is not eligible for release on bond, 2015 (Doc. 23).

6

specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases (and other habeas cases, see Rule 1(b)) in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this**

Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on this 23rd day of November 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE